**[ECF Nos. 4, 5, 11]**

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **GAMLIEL MIZRAHI,** | |
|                 **Plaintiff,** | |
|    v. | Case No. 23-2462 (CPO)(EAP) |
| **EILEEN ANNA,** | |
|                 **Defendant.** | |

**OPINION**

This matter comes before the Court by way of *pro se* Plaintiff Gamliel Mizrahi's motion for leave to conduct early discovery to identify Defendant and to seal the case, ECF No. 4; Plaintiff's motion to redact and seal his filings and to proceed pseudonymously, ECF No. 5; and Plaintiff's motion to effect service by alternate means, ECF No. 11.  As Plaintiff has yet to effect service of process, no opposition has been filed.  The Court has considered Plaintiff's submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b).  For the reasons that follow, and for good cause shown, Plaintiff's motion for leave to conduct early discovery is **GRANTED IN PART** and **DENIED IN PART**; Plaintiff's motions to seal are **DENIED**; Plaintiff's motion to proceed pseudonymously is **DENIED**; and Plaintiff's motion to effect service by alternate means is **DENIED WITHOUT PREJUDICE**.

## FACTUAL BACKGROUND

Plaintiff Gamliel Mizrahi ("Plaintiff") is a retired taxi and limousine driver, who most recently worked as an Uber driver until the end of January 2019. ECF No. 1, Complaint ("Compl.") at 2. In 2022, Plaintiff allegedly began receiving messages on WhatsApp from Defendant, who identified herself as "Aileen Anna" ("Defendant"). *Id*. Defendant allegedly indicated that she had left her luggage in Plaintiff's vehicle at the airport and had received Plaintiff's phone number from someone else. *Id*. at 2-3. Although Plaintiff had already retired as an Uber driver and did not have Defendant's luggage, Plaintiff continued communicating with Defendant on WhatsApp. *Id*. Defendant allegedly suggested that Plaintiff "invest some of his funds" into cryptocurrency "which would bring higher returns." *Id*. at 3. According to the Complaint, Plaintiff "paid at least $1,100" to Defendant through his nephew. *Id*. at 9. Also, Defendant allegedly "made several attempts" to obtain information about Plaintiff's bank account, and Plaintiff "voluntarily" gave Defendant his credit card number. *Id*. at 27. Eventually, Plaintiff allegedly requested his "investment funds and interest back" but "the [c]hat conversation led to nowhere." *Id*. at 12. Plaintiff alleges that Defendant operates a Ponzi scheme that lures in victims through false promises of "high return investments in Crypto and Digital Currency." *Id*. at 11. Plaintiff alleges the existence of "an opaque web of corporate entities and individuals, retirees, all of which are ultimately controlled by Defendant Aileen Anna . . . ." *Id*. at 9. Moreover, Plaintiff alleges that Defendant "purposefully obscures the identities and locations of the entities and her [operation of] the trading platform." *Id*. at 13.

## PROCEDURAL HISTORY

Plaintiff, proceeding *pro se*, filed his Complaint in this action on May 4, 2023, claiming that Defendant violated the Commodity Exchange Act, 7 U.S.C. § 6, and associated regulations by operating the alleged cryptocurrency scheme. Compl. at 28-32. Plaintiff seeks, among other

relief, a permanent injunction prohibiting Defendant and any associated entities from engaging in the conduct alleged in the Complaint; disgorgement of profits; payment of restitution; and the imposition of civil monetary penalties. *Id*. at 32-35.[1]

The same day, Plaintiff filed a motion for leave to conduct early discovery. ECF No. 4, Motion for an Order of Subpoenas to Identify Defendant Aileen Anna and Motion to Seal All Filings ("First Motion"). In his motion, Plaintiff claims that he obtained an address "through a tracking" of Defendant's cell phone number, but the address only leads to "an empty building and empty lot." *Id*. at 23. Also, Plaintiff claims that he is aware of Defendant's email address. *Id*. Plaintiff argues that he requires leave to serve subpoenas on third parties to discover Defendant's identity and litigate his case. *Id*. at 24. Specifically, Plaintiff seeks to serve subpoenas on Google, Alphabet, Signal, Zelle, Comcast, WhatsApp, Meta, Facebook, Ethereum, TD Bank, and "[a]ny banking institution involved." *Id*. at 25. Plaintiff seeks "any information" required to "unmask" Defendant, including her IP address, locations, true name, and date of birth. *Id*. at 24. In the same motion, Plaintiff requests that this action be sealed until he files an Amended Complaint because his submissions contain personal information and communications with Defendant. *Id*. at 24.

On May 15, 2023, Plaintiff filed another motion to seal the case and all subsequent filings until the subpoenas are returned and he files an Amended Complaint properly identifying Defendant. ECF No. 5, Motion to Seal Permanently and All Future Filings Until Plaintiff Files Amended Complaint ("Second Motion") at 3. After the filing of an Amended Complaint, Plaintiff requests that portions of his Complaint remain redacted. *Id*. at 3-5. Also, Plaintiff requests that Exhibit A to his Complaint and the First Motion to remain sealed. *Id*. at 3. In addition, Plaintiff

---

[1] Plaintiff attached an application to proceed *in forma pauperis* to his Complaint. ECF No. 1-3. On June 15, 2023, the Court issued an Order, ECF No. 7, granting Plaintiff's application to proceed *in forma pauperis* and directing the Clerk of Court to file Plaintiff's Complaint.

requests to proceed under the pseudonym of "Jane Doe" or "Joe Doe" in this action. *Id*. at 4. Plaintiff argues that this relief is necessary because he is concerned for his safety. *Id*. Plaintiff fears that Defendant may be "affiliated [with] a dangerous organization or groups, that harms people financially and physically" and that Defendant may be "violent and try to retaliate physically." *Id*.[2]

On June 5, 2023, Plaintiff filed a letter with the Court requesting an update on the status of this action. ECF No. 6, Letter from Plaintiff. Plaintiff claims that he sent two letters to Defendant's supposed last known address, but the letters were returned for there being "no such number." *Id*. at 1.

On July 13, 2023, a summons was issued as to Aileen Anna and was forwarded to the U.S. Marshals Service for service of process. *See* ECF No. 9. On July 21, 2023, the summons was returned unexecuted because Defendant's supposed address "does not exist." *See* ECF No. 10 at 1.

On August 10, 2023, Plaintiff filed a letter motion, seeking to effect service of process on Defendant by alternate means. ECF No. 11, Plaintiff's Letter Motion to Serve Summons on Email Address ("Third Motion"). Plaintiff requests leave to serve process by email because Defendant "is on the internet[,]" and because Plaintiff's previous attempts to serve process have been unsuccessful. *Id*.

---

[2] Plaintiff attached a Certification, ECF No. 5-3, to his Second Motion, in which he states that he "misspelled" Defendant's name in his Complaint and requests that the case caption be corrected to "Aileen Anna" from "Eileen Anna." The Order accompanying this Opinion will direct the Clerk of Court to correct the case caption.

**DISCUSSION**

I.     **Motion for Early Discovery**

The Court finds that Plaintiff has demonstrated good cause to conduct early discovery and serve third-party subpoenas on Meta and Google, but not on other listed entities, to obtain Defendant's name and address. Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." "A Rule 45 subpoena served in conjunction with discovery must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)." *Green v. Cosby*, 314 F.R.D. 164, 169 (E.D. Pa. 2016) (quotation omitted). The proper scope of discovery depends on "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Also, "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . ." Fed. R. Civ. P. 26(b)(2)(C); *see also Techtronic Indus. N. Am., Inc. v. Inventek Colloidal Cleaners LLC*, No. 13-4255, 2013 WL 4080648, at *3 (D.N.J. Aug. 13, 2013) (denying an "overbroad" motion for early discovery).

In addition, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except when specifically authorized. Fed. R. Civ. P. 26(d)(1). Until 2015, the Federal Rules authorized the Court, for "good cause," to order discovery of any matter relevant to the subject matter involved in the action. Fed R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment. However, the 2015 amendment to Rule 26 removed the "good cause" language and instituted a proportionality test for discovery. *Id.* Nevertheless, courts in this District typically evaluate similar cases under the "good cause" standard, and the Court finds this analysis instructive. *See, e.g., Strike 3 Holdings, LLC v. Doe*, No. 23-1402, 2023 WL

2868584, at *2 (D.N.J. Apr. 10, 2023) (applying the "good cause" standard to a motion to serve expedited discovery requests to obtain the identity of an unknown defendant); *Strike 3 Holdings, LLC v. Doe*, No. 21-12769, 2021 WL 5173411, at *1 (D.N.J. Oct. 29, 2021) (same); *Malibu Media v. Doe*, No. 15-8940, 2016 WL 614414, at *2 (D.N.J. Feb. 16, 2016) ("Courts in this District have frequently applied the 'good cause' standard to permit early but limited discovery . . . ."). "Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Malibu Media*, 2016 WL 614414, at *1 (internal quotation omitted).

"Further, a court should consider (1) the timing of the request in light of the formal start to discovery; (2) whether the request is narrowly tailored; (3) the purpose of the requested discovery; (4) whether discovery burdens the defendant; and (5) whether defendant can respond to the request in an expedited manner." *Strike 3 Holdings, LLC v. Doe*, No. 17-12784, 2018 WL 2010422, at *2 (D.N.J. Apr. 24, 2018).

The first factor, the timing of the request in light of the formal start to discovery, weighs in favor of Plaintiff. While parties may not ordinarily seek discovery before a Rule 26(f) conference, Plaintiff is unable to delay the timing of his motion for leave to serve third-party subpoenas. Plaintiff must first confirm Defendant's name and address to effect service of process and name Defendant as a party to this action before a Rule 26(f) discovery conference may take place. Plaintiff's previous attempts to determine Defendant's name and address, such as running a search of Defendant's supposed cell phone number, have proven fruitless. *See* First Motion at 23. Therefore, serving early subpoenas on third parties may be necessary to uncover Defendant's identity. *See Alston v. Parker*, 363 F.3d 229, 234 n.6 (3d Cir. 2004) ("If discovery is sought by a plaintiff, as it was here, and if it would aid in the identification of responsible defendants or the

6

lack thereof, district courts should strongly consider granting it."), *abrogated on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The second factor, whether the request is narrowly tailored, also supports early discovery, but only to obtain Defendant's name and address from Meta and Google. Plaintiff does not clearly specify what information he would request in his subpoenas, but he wishes to obtain "any information" required to "unmask" Defendant, including Defendant's IP address, locations, name, date of birth, and addresses. First Motion at 24. The Court finds that the scope of this discovery request is not sufficiently tailored. Plaintiff will require Defendant's name and address to effect service of process, but other information such as Defendant's IP address and date of birth is unnecessary at this early stage of the litigation. *See Strike 3 Holdings, LLC v. Doe*, No. 18-2674, 2020 WL 3567282, at *8 (D.N.J. June 30, 2020) (holding that a third-party subpoena seeking "only the name and permanent address" of unknown defendants was "narrowly tailored" because it was "no more than would be required to identify the relevant individual"). Therefore, the subpoenas shall be limited to requesting Defendant's name and street address.

Also, the list of entities from which Plaintiff seeks early discovery is not narrowly tailored. Plaintiff requests leave to serve subpoenas on Google, Alphabet, Signal, Zelle, Comcast, WhatsApp, Meta, Facebook, Ethereum, TD Bank, and "[a]ny banking institution involved." First Motion at 25. It is possible that Meta may be able to provide Defendant's name and address because Plaintiff alleges that he communicated with Defendant on WhatsApp, which is a messaging service owned by Meta Platforms. *See* Compl. at 2-3.[3] Plaintiff has also provided an extensive log of his messages on WhatsApp. *See id*., ECF No. 1-3, Ex. A. Also, Google may

---

[3] *See WhatsApp from Meta*, META, https://about.meta.com/technologies/whatsapp/ (last visited October 31, 2023), *archived at* https://perma.cc/9SQ4-KEXA (confirming that WhatsApp is a service owned by Meta Platforms).

possess Defendant's name and address because Plaintiff alleges that Defendant utilized a Gmail account. *See* Compl. at 27. However, based on Plaintiff's allegations, it is unclear whether the other entities possess Defendant's personal information. For instance, while Plaintiff alleges that he has a TD Bank account, *see* Compl. at 27, it is not clear that TD Bank would be aware of Defendant's name and address. Even if the other entities knew Defendant's name and address, it would be unnecessarily duplicative to serve subpoenas on entities other than Meta and Google to obtain the same information.[4] Therefore, in accordance with Federal Rule of Civil Procedure 26(b)(2)(C), the Court limits Plaintiff's request for early discovery to serving third-party subpoenas on Meta and Google to request Defendant's name and address.

The third factor, the purpose of the requested discovery, favors granting Plaintiff leave to serve the subpoenas. Plaintiff's purpose in requesting early discovery is "to establish the identity of the Defendant" and effect service of process. First Motion at 24; *see also* Third Motion at 1-2. Currently, Plaintiff is aware of Defendant's email address and phone number, but this information is insufficient to allow Plaintiff to proceed with his case. *See* First Motion at 23. There is no indication that Plaintiff's motion for early discovery has an improper purpose such as harassing Defendant or any other person. *See, e.g.*, *Gaaays In Spaaace v. Does 1-10*, No. 20-12412, 2020 WL 6042289, at *2 (D.N.J. Oct. 13, 2020) (finding that a plaintiff established "good cause" for serving "limited" early discovery because without obtaining the defendant's identity, the plaintiff would "likely be unable to amend its [c]omplaint to name the appropriate defendant, let alone effectuate service of that pleading").

---

[4] The Court notes that Plaintiff also seeks to serve subpoenas on Facebook and Alphabet. *See* First Motion at 25. Plaintiff, however, can ostensibly obtain Defendant's name and address from Meta, the parent company of Facebook, and Google, which provides Gmail as an online email service. Thus, the Court finds that serving subpoenas on Facebook and Alphabet would be duplicative.

The fourth factor, whether discovery burdens the defendant, similarly weighs in favor of Plaintiff. The subpoenas will not directly burden Defendant because they will be served on third parties, Meta and Google. Still, the Court remains mindful that "there is a risk of incidentally burdening a telephone customer who may not be the truly liable party." *Perrong v. Caller Identified as Connor*, No. 22-4479, 2023 WL 113957, at *3 (D.N.J. Jan. 4, 2023). There is a possibility that fraudulent actors may impersonate innocent persons to obscure their identities, *see id.*, and the third-party subpoenas to be served in this case may not provide Defendant's true name and address. Similarly, in *Manny Film LLC v. Doe Subscriber Assigned IP Address 50.166.88.98*, where the court granted the plaintiff leave to serve early discovery to obtain the identity of an unknown internet subscriber, the Court recognized that the identity of the subscriber "may not equate with discovery of the identity" of the true defendant. 98 F. Supp. 3d 693, 695-96 (D.N.J. 2015). Therefore, the court "balanced the interests" of the plaintiff against the unknown subscriber and imposed additional conditions on the subpoenas to mitigate the risk of false identification. *Id.*; *see Voltage Pictures v. Does 1-60*, No. 12-6885, 2013 WL 12406868, at *3 (D.N.J. May 31, 2013) (noting that courts "impose safeguards to protect the privacy rights of potentially innocent third parties" when granting leave to conduct expedited discovery).

Here, Plaintiff has an interest in asserting his rights and obtaining remedies for his alleged losses suffered from Defendant's purported fraudulent cryptocurrency scheme. On the other hand, the WhatsApp user and the Gmail account holder of the phone number and email address listed in Plaintiff's Complaint have a privacy interest in their personal information. Also, innocent persons have an interest in avoiding the time and expense required to defend against a "false positive" identification. Therefore, the Court adopts the protocol set forth in *Perrong*, 2023 WL 113957, at *4, *Manny Film LLC*, 98 F. Supp. 3d at 696, and *Malibu Media*, 2016 WL 614414, at *9-10, requiring Meta and Google to give notice to the relevant telephone and email customers to afford

them an opportunity to challenge the subpoena before Meta or Google provides the information in accordance with the subpoena. The telephone and email customers shall have thirty days from receipt of the subpoena to object to or move to quash the subpoena. Meta and Google shall not provide any responsive information to Plaintiff until the latter of the expiration of the thirty-day period or the resolution of any motion to quash or for a protective order. Also, the Order accompanying this Opinion will mandate that Plaintiff use the information disclosed in response to the subpoenas only for the purpose of protecting and enforcing his rights as set forth in his Complaint. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 21-17860, 2021 WL 5173473, at *3 (D.N.J. Oct. 29, 2021) (imposing similar conditions when granting leave to serve a third-party subpoena upon an internet service provider to identify an IP address subscriber).

Lastly, the fifth factor, whether Defendant can respond to the request in an expedited manner, supports permitting early discovery. Again, the third-party subpoenas will be served on Meta and Google—not on Defendant. *See Strike 3 Holdings, LLC v. Doe*, 2020 WL 3567282, at *8 (explaining that because a third-party subpoena is not served on a defendant, "the fifth good cause factor, whether the defendant can respond to the request in an expedited manner, also serves as no barrier to granting the relief sought."). Regardless, providing the name and address of the customer is unlikely to require extensive research.

In summary, after limiting the subpoenas to request only Defendant's name and address from Meta and Google, and after imposing additional conditions to protect the interests of potentially innocent persons, the Court finds that all five factors support a finding of "good cause" to authorize discovery before a Rule 26(f) conference. This relief will allow Plaintiff to obtain the

information he requires to identify and serve process on Defendant while avoiding duplicative discovery.[5]

## II. Motions to Seal

The Court denies Plaintiff's motions to seal the case and to redact and seal his submissions because the motions are procedurally improper: Plaintiff has not described a clearly defined and serious injury that he would suffer, and the motions are overbroad.

While it is within the Court's authority to restrict public access to information, it is well-settled that there is a "common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)). The moving party bears the burden of overcoming the presumption of public access and must demonstrate "good cause" for the protection of the material at issue. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) (citation omitted). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," do not support a good cause showing. *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).

Local Civil Rule 5.3 introduces additional requirements for motions to restrict public access to any materials filed with the Court or used in connection with judicial decision-making. A motion must include "an affidavit, declaration, certification or other documents of the type

---

[5] Federal Rule of Civil Procedure 4(m) provides that a defendant must be served within 90 days after the complaint is filed, but the court "must extend the time for service for an appropriate period" upon a plaintiff's showing of good cause. Here, Plaintiff has shown good cause for not timely effecting service of process, because Defendant's identity remains unknown. Therefore, the Order accompanying this Opinion will extend the time for Plaintiff to serve Defendant with a summons and the Complaint.

referenced in 28 U.S.C. § 1746, which shall be based on personal knowledge as required by Local Civil Rule 7.2(a) . . . ." L. Civ. R. 5.3(c)(3). The moving party must also attach:

> [A]n index, substantially in form suggested by Appendix U, describing with particularity: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request.

*Id.*; *see, e.g.*, *Sosinavage v. Thomson*, No. 14-3292, 2022 WL 2442496, at *3 (D.N.J. July 4, 2022) (denying a motion to seal where the moving party "failed to follow the process our Local Civil Rules prescribe for such motions" and did not attach a proper certification or an index providing the information required by Local Civil Rule 5.3(c)(3)).

As an initial matter, the Court notes that Plaintiff's motions to seal, ECF Nos. 4, 5, suffer from several procedural deficiencies. Plaintiff's requests to seal the case and to redact and seal certain submissions are structured as standard motions and lack "an affidavit, declaration, certification or other documents" as required by Local Civil Rule 5.3(c)(3).[6] Also, Plaintiff has failed to attach an index to his motions in the form of Appendix U to the Local Civil Rules. Although Plaintiff has identified the nature of the materials sought to be sealed, *see* First Motion at 24; Second Motion at 3-5, and has stated that he fears physical and financial injury from the disclosure of his submissions, *see* Second Motion at 4, Plaintiff has not provided the remaining information required by Local Civil Rule 5.3(c)(3). Plaintiff's motions to seal do not discuss the legitimate private or public interest which warrants the relief sought, why a less restrictive

---

[6] The Court notes that Plaintiff attached a Certification, ECF No. 5-3, to his Second Motion. However, in this Certification, Plaintiff only seeks to correct Defendant's name in the case caption and to redact the "e-mail address and phone number of Defendant in the caption." *Id.* ¶ 5. This Certification does not address Defendant's requests to seal the case or to redact and seal his submissions.

12

alternative to the relief sought is not available, whether there are any prior orders sealing the same materials, or the identity of any party or nonparty known to be objecting to the sealing request.

Also, Plaintiff's motions to seal are substantively deficient because Plaintiff has not demonstrated that he would suffer a clearly defined and serious injury if his motions are denied. Plaintiff alleges that Defendant may be "affiliated [with] a dangerous organization or groups" that could retaliate against him "financially and physically" for filing this action.  Second Motion at 4. However, Plaintiff acknowledges that he "is not sure" who Defendant is, *see id*., and the record does not suggest that Defendant is likely to retaliate against him, or is even capable of retaliation. Plaintiff has not described any specific threats against him, and any potential danger is unsubstantiated. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 22-1919, 2023 WL 3749969, at *4 (D.N.J. June 1, 2023) (denying an "overly broad and purely speculative" motion to seal based on "largely unsubstantiated" assertions).  Moreover, even if any risk of retaliation existed, Plaintiff's motions to seal would not significantly mitigate this risk.  Plaintiff intends to serve process on Defendant and bring Defendant into this action, which would allow Defendant to view Plaintiff's submissions, even if they were redacted or sealed.  Plaintiff also contends that this case must be sealed because his submissions contain "personal data" and "communications."  First Motion at 24.  However, Plaintiff again has not specified what serious injury he would suffer if this information was publicly disclosed.  Also, Plaintiff's submissions do not contain highly sensitive personal information, such as financial records.

Further, Plaintiff's motions to seal are substantively improper because they are overbroad. A motion to seal "should have the narrowest scope that will accommodate the legitimate need for sealing." *Lampon-Paz v. IRS*, No. 18-11659, 2018 WL 10158674, at *2 (D.N.J. Oct. 22, 2018); *see also Sosinavage*, 2022 WL 2442496, at *4 (explaining that "[t]his Court does not and will not issue secret rulings" and that "[t]he spirit and intent of Local Civil Rule 5.3 is not the wholesale

opaqueness of relevant materials the parties would prefer not to have publicly disclosed"). Again, Plaintiff seeks to seal the entire case until he identifies Defendant and files an Amended Complaint. *See* First Motion at 24. Afterwards, Plaintiff requests that Exhibit A to his Complaint and his First Motion be maintained under permanent seal. *See* Second Motion at 3. This requested relief would excessively deprive the public of access to the records of this case. Plaintiff has failed to establish why a less restrictive alternative to this sweeping request is not available. As such, the Court denies Plaintiff's motions to seal the case and to redact and seal his Complaint, Exhibit A to his Complaint, and the First Motion.

### III. Motion to Proceed Under Pseudonym

For similar reasons, the Court denies Plaintiff's motion to proceed under the pseudonym of "Joe Doe." *See* Second Motion at 4. Federal Rule of Civil Procedure 10(a) states that "[t]he title of the complaint must name all the parties[,]" and the Third Circuit has recognized that a party may proceed anonymously only "in exceptional cases." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (citation omitted). The risk that a party "may suffer embarrassment or economic harm is not enough." *Id*. Instead, a party "must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'" *Id*. (quoting *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1043 (9th Cir. 2010)); *see also B.L. v. Fetherman*, No. 22-3471, 2023 WL 1818402, at *5 (D.N.J. Feb. 8, 2023), *aff'd*, 2023 WL 3004853 (D.N.J. Apr. 18, 2023) (denying the plaintiffs' motion to proceed anonymously because the plaintiffs had only claimed a "vague possibility of physical harm" from being publicly identified).

"In connection with this inquiry, the Third Circuit has endorsed a list of non-exhaustive factors which either favor 'anonymity' or adherence to 'the traditional rule of openness.'" *Doe v. Oshrin*, 299 F.R.D. 100, 102-03 (D.N.J. 2014) (quoting *Megless*, 654 F.3d at 409). The factors in favor of anonymity include:

14

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Megless*, 654 F.3d at 409 (quoting *Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 467-68 (E.D. Pa. 1997)).  The factors disfavoring anonymity include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id*. (quoting *Provident Life*, 176 F.R.D. at 467-68).  "The decision to allow a plaintiff to proceed anonymously rests within the sound discretion of the court."  *Oshrin*, 299 F.R.D. at 103.

Applying the factors favoring anonymity, factors two, three, four, and five militate against granting Plaintiff's request to proceed pseudonymously.  Plaintiff fears that disclosure will allow Defendant to retaliate "financially and physically" against him.  Second Motion at 4.  However, as previously discussed, this concern is vague and unsubstantiated, and regardless, Defendant will learn Plaintiff's identity after Plaintiff effects service of process.  Plaintiff does not describe any public interest favoring confidentiality.  There are factual as well as legal issues implicated in this case, so there is not an atypically weak public interest in knowing Plaintiff's identity.  Also, Plaintiff does not state that he will refuse to bring his case if he is publicly identified.  On the other hand, factors one and six favor Plaintiff.  This case was filed under seal, keeping Plaintiff's identity confidential to this point.  Also, the Court is unaware of any illegitimate ulterior motives.  Still, the balance of these factors does not support Plaintiff's request.

15

Applying the factors disfavoring anonymity, factors one and three militate against permitting Plaintiff to proceed as "Joe Doe." The well-established public interest in open access to judicial proceedings applies equally in this case. Also, there is no opposition to Plaintiff's request because Defendant has not been served, so no party or nonparty here is illegitimately motivated. Factor two favors Plaintiff because he does not appear to be a figure in whom the public has a particularly strong interest. However, the balance of these factors also disfavors Plaintiff's request to proceed under a pseudonym. Therefore, the Court denies Plaintiff's motion to proceed anonymously as "Joe Doe."

### IV.  Motion to Effect Service by Alternate Means

Lastly, Plaintiff's motion to effect service of process by alternate means, by serving the summons on Defendant's email address, is denied without prejudice. *See* Third Motion at 1-2. Federal Rule of Civil Procedure 4 governs the process for serving a defendant with a summons and complaint.[7] Rule 4(e)(1) authorizes service on an individual within a judicial district of the United States by, among other things, "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," unless federal law provides otherwise. Fed. R. Civ. P. 4(e)(1).[8] As the forum state, New Jersey's service rules apply here. New Jersey Court Rule 4:4-4(a) provides that personal service is the primary method to serve a defendant located within the state. If a plaintiff

---

[7] Federal Rule of Civil Procedure 4(c)(3) provides that the Court must order "service be made by a United States marshal or deputy marshal or by a person specially appointed by the court . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §1915 . . . ." Because Plaintiff is proceeding *in forma pauperis*, *see* ECF No. 7, Order, the Court will re-direct the United States Marshals Service to effect service of process if Defendant is identified after the subpoenas to Meta and Alphabet are returned.

[8] Also, Federal Rule of Civil Procedure 4(f) governs serving an individual in a foreign country. Although Defendant's location is unclear, Plaintiff alleges that Defendant has been "identified as being in the United States . . . ." Compl. at 13.

16

submits an affidavit and establishes that personal service cannot be effected "despite diligent effort and inquiry[,]" substitute modes of service may be permitted. N.J. Ct. R. 4:4-4(b). One substitute mode is that "any defendant may be served as provided by court order, consistent with due process of law." N.J. Ct. R. 4:4-4(b)(3). Substituted service by email in New Jersey "is generally permitted where the movant has supplied the court with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address." *Menon v. Corbett*, No. 21-8384, 2022 WL 3998393, at *3 (D.N.J. Sept. 1, 2022) (cleaned up) (citations omitted).

"Regardless of the type of action, substitute or constructive service requires a demonstration of due diligence that satisfies the requirements specified in New Jersey Court Rule 4:4-5(b)." *H.D. Smith, LLC v. Prime Rite Corp.*, No. 16-294, 2016 WL 3606785, at *1 (D.N.J. July 5, 2016). "Diligence has no fixed standard." *Id*. at *2 (citing *Modan v. Modan*, 327 N.J. Super. 44, 48 (App. Div. 2000)). "Namely, the 'elementary and fundamental requirement of due process' is that there be 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id*. (quoting *O'Connor v. Altus*, 67 N.J. 106, 126 (1975)). "Accordingly, when considering diligence, the Court conducts a fact-sensitive inquiry 'measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant.'" *Id*. (quoting *Modan*, 327 N.J. Super. at 48). "Diligence requires that a plaintiff follow up on information it possesses or can reasonably obtain, but it does not necessarily mean a plaintiff take every conceivable action." *Id*. (citing *Modan*, 327 N.J. Super. at 48-49). "'In short, a plaintiff must demonstrate a good faith, energetic effort to search and find a defendant whose address is unknown, or who is allegedly evading service, before resorting to alternate means of substitute

17

service.'" *Grange Ins. Co. v. Hankin*, No. 21-11928, 2022 WL 855694, at *3 (D.N.J. Mar. 23, 2022) (quoting *J.C. v. M.C.*, 438 N.J. Super. 325, 331 (Ch. Div. 2013)).

For example, in *Santiago v. McDonald's Restaurants of New Jersey*, No. 06-5885, 2008 WL 11381935, at *1 (D.N.J. June 20, 2008), a defendant moved to effect service of process by alternate means, by mail, on a third-party defendant. However, the court denied the defendant's motion pursuant to New Jersey Court Rule 4:4-4(b)(1). *Id*. at *2. First, the motion was improper because the defendant had not provided the court with a supporting affidavit. *Id*. Also, the defendant had "not supplied sufficient evidence to demonstrate that it made a diligent inquiry into providing actual notice to [the third-party defendant]." *Id*. The defendant "conducted a minimal investigation" into the proper address, but the court concluded that "[a] simple internet search limited to one or two jurisdictions is not a 'diligent effort.'" *Id*.

Here, as an initial matter, Plaintiff has not provided an affidavit, as required by New Jersey Court Rule 4:4-4(b)(1), in support of his motion to effect service of process by email. Moreover, although Plaintiff has taken some steps to identify and locate Defendant's address, Plaintiff has not yet completed the diligence required before serving process by alternate means. Plaintiff has obtained an address through a search of Defendant's purported cell phone number, although this address only appears to lead to an "empty building" or an "empty lot." First Motion at 23. Also, a friend of Plaintiff sent two letters to the address, but the letters were returned by the U.S. Postal Service for there being "no such number." ECF No. 6, Letter from Plaintiff. The U.S. Marshals Service attempted to complete personal service on Defendant at the address, but the location was found not to exist. ECF No. 10, Summons Returned Unexecuted. However, as in *Santiago*, Plaintiff has not exhausted all remaining reasonable means to find Defendant's street address. Plaintiff has not indicated that he has investigated other possible addresses. Further, the Order accompanying this Opinion authorizes Plaintiff to serve third-party subpoenas on Meta and Google

to request Defendant's name and address.  *See supra* § I.  If Defendant is identified and located through the return of the subpoenas, personal service may still be possible, making substitute service by email unnecessary.  If the subpoenas do not provide this information, Plaintiff may file a renewed motion to effect service of process by alternate means.[9]

## CONCLUSION

In summary, for the foregoing reasons, Plaintiff's motion for leave to conduct early discovery before a Rule 26(f) conference is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff has shown good cause for early discovery necessary to effect service of process, but only to serve third-party subpoenas on Meta and Google to request Defendant's name and street address.  Also, the Court will impose additional conditions on the subpoenas to protect the privacy interests of potentially innocent persons.  Plaintiff's motions to seal the case, seal Exhibit A to the Complaint and the First Motion, and to redact portions of the Complaint are **DENIED** because they do not comport with the procedural requirements of Local Civil Rule 5.3(c), Plaintiff's fears of injury are purely speculative, and the scope of the requested sealing is overbroad.  Plaintiff's motion to proceed anonymously under the pseudonym of "Joe Doe" is **DENIED** pursuant to an analysis of the *Provident Life* factors.  Finally, Plaintiff's motion to effect service by email is **DENIED WITHOUT PREJUDICE** because Plaintiff has not provided an affidavit of inquiry and has not yet completed the necessary due diligence to locate Defendant.  An appropriate Order accompanies this Opinion.

s/ Elizabeth A. Pascal<br>
ELIZABETH A. PASCAL<br>
United States Magistrate Judge

cc:  Hon. Christine P. O'Hearn, U.S.D.J.

---

[9] As such, the Court need not decide at this time whether Plaintiff has adequately presented facts showing that Defendant would be likely to receive the summons and Complaint by email.